United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLADYS MARLENY MILIAN, § § Plaintiff, § § VS. § § PV HOLDING CORP. D/B/A P VEHICLE § HOLDING CORP.; AVIS BUDGET CAR § RENTAL, LLC; NATASHA KATHLEEN § DONOVAN; NANODIAMOND § PRODUCTS DESIGNATED ACTIVITY § COMPANY; NDPDC CORPORATION, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-02947 |

## ORDER

Pending before the Court is Defendants PV Holding Corp. ("PV Holding") and Avis Budget Car Rental, LLCs ("Avis Budget") (collectively "Rental Defendants") Motion for Summary Judgment. (Doc. No. 52). Plaintiff Gladys Marleny Milian ("Milian") filed a Response in Opposition. (Doc. No. 56). Rental Defendants filed a Rely (Doc. No. 60), and Plaintiff filed a Sur-Reply. (Doc. No. 61). After considering the motions, the evidence, and the law the Court grants Rental Defendants' Motion for Summary Judgment. (Doc. No. 52).

### I. Background

This dispute arises from a vehicle collision between Plaintiff and Natasha Kathleen Donovan ("Donovan"). At the time of the accident Donovan was driving a Ford Fiesta rental car.

Donovan is originally from Ireland but was sent to Houston to help set up a Texas office for her employers, NDPDC Corporation and NanoDiamond Products Designated Activity Company. Donovan was sent to Texas with her supervisor, Clem van der Riet ("van der Riet").

1

Van de Riet rented a car prior to arriving in Houston.[1] Once in Houston, both van der Riet and Donovan presented their licenses to the rental agent. The rental agent subsequently rented them the Ford Fiesta.

Plaintiff filed suit against Donovan, Donavan's employers, and the Rental Defendants. Specifically, Plaintiff brought negligent entrustment claims against Rental Defendants. In response to Plaintiff's allegations, Rental Defendants filed a Motion for Summary Judgment, arguing summary judgment is proper because "they do not rent or lease motor vehicles to the general public and are not a party to any rental or lease transactions with members of the general public and did not entrust Donovan with the rental vehicle." (Doc. No. 52 at 2).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary

---

[1] Defendants contend that the car was rented from Budget Rent A Car System, Inc. ("BRAC"). (Doc. Nos. 52 at 2, 52-3).

judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

As mentioned, Rental Defendants' Motion addresses Plaintiff's negligent entrustment claims.[2] In particular, the Rental Defendants argue that summary judgment is proper because "they do not rent or lease motor vehicles to the general public and are not a party to any rental or lease transactions with members of the general public and did not entrust Donovan with the rental vehicle." (Doc. No. 52 at 2). The Rental Defendants also contends, regardless of which entities are involved, they are "entitled to summary judgment as a matter of law because there is no genuine issue of material fact Donovan was a licensed and competent driver at the time he [sic] obtained the rental vehicle." (Doc. No. 52 at 6). In response, Plaintiff urges the Court to deny Rental Defendants' Motion

> because more than a scintilla of evidence exists creating a genuine issue of material fact that [the Rental] Defendants owned the vehicle, entrusted the vehicle to Donovan who was an incompetent driver by virtue of the fact she was not legally licensed to drive in Texas, [the Rental] Defendants knew or should have known she was unlicensed because they confirmed that she did not have a valid Texas drivers license when renting her the vehicle, and the police report shows that Donovan's negligence in failing to yield the right of way proximately caused the accident.

(Doc. No. 56 at 2). Alternatively, Plaintiff requests the Court "give the parties more time for discovery before ruling on the motion for summary judgment because co-defendant NDPDC

---

[2] Plaintiff only asserts negligent entrustment claims against these Defendants.

3

has not produced any documents in response to plaintiff's Request for Production." (Doc. No. 56 at 9).

The Court addresses these responses in reverse order. This case was filed over two-and-a-half years ago. That is certainly sufficient time to discover the lessor or provider of the vehicle. Moreover, it has been over six months have passed since Plaintiff filed her Response suggesting she needed to do more, and she has neither filed a Motion to Compel nor supplemented her Response. Additionally, the Court cannot determine what relevant documents Plaintiff could recover from NDPDC that would affect the negligent entrustment claims asserted against PV Holding and Avis Budget.

To establish a negligent entrustment claim, a plaintiff must show "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987). The driver must be unlicensed, incompetent, or reckless at the time of the entrustment. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). In their Motion, the Rental Defendants challenge elements one, two, and three. The Court will discuss element one first and then address elements two and three simultaneously.

### 1. Entrustment of a Vehicle by the Owner

To support their assertion that the Rental Defendants did not "entrust" Donovan with the rental vehicle, as is required for a negligent entrustment claim, the Rental Defendants attach an affidavit from Jeanne Motosko ("Motosko"). Motosko is the Regional Insurance Risk Manager at Avis Budget. In her affidavit, she avers that "[Avis Budget] and [PV Holding] do not rent or lease motor vehicles to the general public and are not a party to any rental or lease transactions with

4

members of the general public." (Doc. No. 52-3 at 2). Instead, Motosko explains that the "vehicles [are] rented to the general public pursuant to rental agreements through Budget Rent A Car System, Inc. ("BRAC")." (Doc. No. 52-3 at 2). For that reason, Motosko maintains "[Avis Budget] and [PV Holding] did not have control over the rental vehicle involved in the accident and [were] not involved in the rental transactions between BRAC and its customers." (Doc. No. 52-3 at 2). Plaintiff failed to provide the Court with any evidence to the contrary. Rather, Plaintiff made the unsupported assertions that "more than a scintilla of evidence exists that (1) Defendants owned the vehicle involved in the accident and rented them out to the general public pursuant to rental agreements" and "(2) Defendants entrusted said vehicle to Donovan by renting it to her." Since the only competent summary judgment evidence shows that BRAC rented the vehicles to customers, such as Plaintiff, there is no genuine issue of material fact as to whether PV Holding or Avis Budget entrusted the vehicle to Donovan wrongfully, or otherwise. Therefore, summary judgment is proper.

### 2. Unlicensed, Incompetent, or Reckless Driver and the Owner Knew or Should Have Known the Driver was Unlicensed

Having found that Plaintiff did not show a genuine issue of material fact exists as to element one, the Court need not address elements two or three. The Court will, however, discuss the other elements for the sake of being thorough. As previously explained, the second and third elements of a negligent entrustment claim require a plaintiff to show that the driver was unlicensed, incompetent, or reckless and that the owner knew or should have known the driver was unlicensed. *Schneider*, 744 S.W.2d at 596. "The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 48 (Tex. App.—San Antonio 2001, no pet.)

In their Motion, Rental Defendants point out that there is evidence that Donovan was a competent driver. They argue, "[r]egardless of which entities are involved, Donovan possessed a valid Ireland driver's license at the time of the rental and presented the license to the rental company." (Doc. No. 52). Plaintiff responds that "Donovan did not have a valid Texas driver's license and instead drove on an Irish drivers [sic] license that was not valid in Texas." (Doc. No. 56 at 8). Specifically, Plaintiff claims that "Donovan's Irish drivers license did not qualify for reciprocity under Texas statutory law" and neither "quaif[ied] for reciprocity under the United Nations Convention of Road Traffic of 1949." (Doc. No. 56 at 7). The Court finds that this point is not outcome determinative.

As mentioned, to succeed on a negligent entrustment claim, a plaintiff must prove the owner knew or should have known the driver was unlicensed. *Schneider*, 744 S.W.2d at 596. Thus, even if Donovan's license was invalid under Texas law, Plaintiff has presented no evidence that Rental Defendants knew or reasonably should have known that fact.[3] Therefore, the Court concludes that there is no competent summary judgment evidence to raise a genuine issue of material fact that the Rental Defendants negligently entrusted Donovan with the vehicle. Summary judgment is, therefore, proper as to Plaintiff's negligent entrustment claims against the Rental Defendants.

---

[3] Throughout her Response, Plaintiff makes numerous unsupported assertions that "Defendants knew or should have known that Donovan was an unlicensed driver," but provides no evidence in support of that assertion. (*See* e.g., Doc. No. 56 at 8).

6

## IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** the rental Defendants PV Holding Corp. and Avis Budget Car Rental, LLCs Motion for Summary Judgment. (Doc. No. 52).

Signed at Houston, Texas, this 27th day of March, 2023.

Andrew S. Hanen
United States District Judge